UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4660

TOBARIS ANIBAL PAUL, a/k/a Shot,
a/k/a Big Shot,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-97-9)

Submitted: September 15, 1998

Decided: October 1, 1998

Before NIEMEYER and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beth M. Farber, Acting Federal Public Defender, Baltimore, Mary-
land, for Appellant. Helen F. Fahey, United States Attorney, Janet S.
Reincke, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Tobaris Anibal Paul of bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (1994), and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (1994). Paul appeals only the district court's application of a two-level physical restraint enhancement in calculation of his sentence. The district court applied the enhancement pursuant to the United States Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (Nov. 1995). Finding no error, we affirm.

Paul does not contest the factual findings made by the district court. We review purely legal issues, such as the interpretation of the guidelines, on a near de novo basis. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The robbery guideline provides for a two-level enhancement "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." USSG § 2B3.1(b)(4)(B).

The commentary to § 2B3.1 contains two statements regarding physical restraint. Application Note 1 states that the term "physically restrained" is defined in commentary to § 1B1.1, which is the general definitions section of the Guidelines. In that section, physically restrained "means the forcible restraint of the victim <u>such as</u> by being tied, bound, or locked up." USSG § 1B1.1, comment. (n.1(I)) (emphasis added). The background commentary to USSG § 2B3.1 also discusses physical restraint. It states that "[t]he guideline provides an enhancement for robberies where a victim was forced to accompany the defendant to another location, or was physically restrained by being tied, bound, or locked up." USSG § 2B3.1, comment. (backg'd) (emphasis added). The definitions are somewhat different because the definition in the definition section uses "such as" and the commentary states "restrained by being tied, bound, or locked up."

2

Paul argues that the language in the background to§ 2B3.1 should be used without reference to § 1B1.1. Using that definition, Paul argues that the enhancement should not be applied because he did not tie up, bind, or lock up the victim. This court has examined whether the definition of physical restraint in § 1B1.1 is limited to the examples of being tied, bound, or locked up. In United States v. Stokley, 881 F.2d 114 (4th Cir. 1989), this court held that the definition is not inclusive and that the enhancement may be applied when other forms of restraint are used. See Stokley, 881 F.2d at 116. Because § 2B3.1 specifically refers to § 1B1.1 for the definition of physically restrained, we find that analysis under that section is proper. See USSG § 2B3.1, comment. (n.1). Moreover, in Stokley, we rejected the narrow reading of the terms of the Guideline that Paul proposes and relied on a more straightforward interpretation of the language of § 1B1.1. See id. Paul does not contest the facts found by the district court regarding the force used against the victim. The district court found that during the course of the robbery, Paul grabbed a teller, placed a gun to her head, made physical threats, and forced her to lead Paul into the vault. This course of conduct was enough to qualify for application of the physical restraint enhancement.

Finding no error to the district court's application of the two-level enhancement, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3